[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Plaintiff-appellee Copeland Brown Co., LPA, filed a complaint against defendant-appellant Ollie M. Darby to collect on an unpaid bill for attorney fees. Darby counterclaimed, alleging that she was due a refund for overpayment of attorney fees. Following a bench trial, the trial court entered judgment in favor of Copeland Brown in the amount of $6968.75 plus costs. Darby has appealed.
The first assignment of error is overruled because it is clear that the trial court did not shift the burden of proof as to the reasonableness and necessity of the attorney fees to Darby.
The second assignment of error is overruled because the trial court was entitled to rely on attorney Phyllis Brown-Lerner's testimony about the reasonableness and necessity of the fees charged for her services.
The third assignment of error is overruled because the trial court addressed Darby's counterclaim in its judgment entry and in its findings of fact and conclusions of law. Further, the record supports the trial court's findings and conclusions. We point out that the trial court reduced the attorney-fee award by the amounts charged for the disputed travel time and the time spent on the motion to exclude counsel.
The fourth assignment of error is overruled because the trial court did not abuse its discretion in refusing to allow Darby, who was not an attorney, to testify as an expert witness on the issue of the proper procedure in billing for attorney fees, where there was no showing that Darby was qualified to testify as an expert in that area.
The fifth assignment of error is overruled because the trial court did not abuse its discretion in playing a portion of the tape of the United States Merit Systems Protection Board ("Board") hearing to rebut Darby's testimony about what occurred at the hearing. The record shows that the tape was obtained pursuant to a Freedom of Information Act request made to the Board. There is nothing in the record to support Darby's contention that the tape was reproduced by attorney Phyllis Brown-Lerner's husband. Further, Darby's counsel agreed that there was no need to play the tape in full.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Sundermann, JJ.